DANIEL LORD, JR., as Trustee, etc., Respondent, *v.* THE YON-
KERS FUEL GAS COMPANY et al., Appellants.

The "franchises, privileges, rights and liberties," which under the act of
1878 (Chap. 163, Laws of 1878) ; a manufacturing corporation is author-
ized to mortgage, to secure the payment of a debt, upon consent of the
requisite number of stockholders, and which are not included in a con-
sent to mortgage the real and personal estate of the corporation, are the
corporate rights and franchises which became vested in the company by
virtue of its organization as a corporation. Those terms do not include
patent rights, licenses, easements, or privileges acquired by the company
after its incorporation, either from individuals or other corporations ;
these are in the nature of property, and are, therefore, included in a consent
to mortgage the corporate property.

(Submitted December 8, 1885 ; decided December 15, 1885.)

THIS was a motion to correct the remittitur herein.

The case is reported, 99 N. Y. 548. It was there held that a
mortgage executed upon consent of stockholders to mortgage the
real and personal estate of a manufacturing corporation, so far as
it purported to include the franchises, privileges, rights or liber-
ties of the corporation, was invalid and inoperative, and these
were directed to be excluded from sale on foreclosure of the
mortgage.

The following is the *mem.* of opinion on the motion :

" ' The franchises, privileges, rights and liberties,' directed to
be excluded from the sale are those referred to in chapter 163
of the Laws of 1878, which we understand to be the corporate
franchises and rights which became vested in the company by
virtue of its organization as a corporation under the general
law. We do not understand that these include patent rights,
licenses, easements or privileges acquired by the company since
its incorporation, either from individuals or corporations; these
are in the nature of property of which the company had the
power to dispose, and it was not the intention of the court to
direct that they be excluded from the sale. The remittitur
follows the language of the act of 1878, and we do not think
that it needs amendment. These views are sustained by the
following cases cited by the respondent. (*Bridgeport* v. *N.*

*Y. & N. H. R. R. Co.*, 36 Conn. 255 ; *Chicago R. R. Co.* v. *People*, 73 Ill. 541 ; *Morgan* v. *Louisiana*, 3 Otto, 223.) The motion should be denied, without costs."

*Ralph E. Prime* for motion.

*Calvin Frost* opposed.

RAPALLO, J., reads mem. for denial of motion.
All concur.
Motion denied.